United States District Court
Southern District of Texas

**ENTERED**

January 22, 2016

David J. Bradley, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MELQUIADES MENDIOLA, JR., | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. B-16-12 |
| | § | |
| WILLIAM STEPHENS, | § | |
| Respondent. | § | |

## MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

The Court is in receipt of Melquiades Mendiola, Jr.'s, 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus (hereinafter, Mendiola's "Petition"). Dkt. No. 1. Mendiola's Petition is duplicative of the 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus he has filed in another civil action currently pending in this Brownsville Division of the Southern District of Texas. *See Melquiades Mendiola, Jr., v. William Stephens*, 1:14-cv-00261, Dkt. No. 1.

"A Section 2254 writ that duplicates claims asserted in an earlier-filed action that is currently pending or that has been ruled upon by the court may be deemed malicious and subject to summary dismissal." *Wilkerson v. Stephens*, No. 3:14-CV-2349-G-BN, 2014 WL 4409814, at *1 (N.D. Tex. Aug. 21, 2014), *rec. adopted*, No. 3:14-CV-2349-G BN, 2014 WL 4412474 (N.D. Tex. Sept. 8, 2014) (citing *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993); *Wilson v. Lynaugh*, 878 F.2d 846, 849 (5th Cir. 1989); *Harriman v. Thaler*, No. 3:11–cv–2870–L–BD, 2012 WL 1437746, at *2

(N.D. Tex. Feb. 9, 2012), *rec. adopted*, 2012 WL 1437744 (N.D. Tex. Apr.24, 2012); *Brock v. Cockrell*, No. 3:03–cv–340–M, 2003 WL 21418792, at *1 (N.D. Tex. Mar. 26, 2003)).

Here, an online search reveals that Mendiola has filed three other 28 U.S.C. § 2254 petitions in the Brownsville Division of the Southern District of Texas. *See Melquiades Mendiola, Jr., v. William Stephens*, 1:14-cv-00261; *Melquiades Mendiola, Jr., v. William Stephens*, 1:15-cv-00137; *Melquiades Mendiola, Jr., v. William Stephens*, 1:15-cv-0015. He has also filed numerous other civil actions throughout the Southern District of Texas. *See, e.g., Melquiades Mendiola, Jr., v. State of Texas, et al.,* 1:15cv0080; *Melquiades Mendiola, Jr., v. UTMB, et al.,* 1:15cv0014; *Melquiades Mendiola, Jr., v. Texas Department of Criminal Justice, et al.,* 1:13cv236; *Melquiades Mendiola, Jr., v. UTMB, et al.,* 4:15cv248; *Melquiades Mendiola, Jr., v. TDCJ Inmate Trust Account, et al.*, 4:14cv2317. In fact, one court recently detailed the frivolous, duplicative and malicious nature of Mendiola's claims, and stated that "Mendiola cannot continue to inundate the courts with duplicative complaints." *Melquiades Mendiola, Jr., v. UTMB, et al.,* 4:15cv248, Dkt. No. 7 at 7.

Given Mendiola's history of filing frivolous, duplicative and malicious claims, it is recommended that the Court warn Mendiola that future filings of a frivolous, duplicative or malicious nature may subject him to sanctions. Further, it is recommended that the Court summarily dismiss Mendiola's instant Petition

because it is malicious and duplicative of the petition he has filed in *Melquiades Mendiola, Jr., v. William Stephens*, 1:14-cv-00261.

## Certificate of Appealability

A certificate of appealability shall not issue unless the petitioner/movant makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires a "showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 475 (2000) (internal quotations and citations omitted). Said another way, where claims have been dismissed on the merits, the movant/petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* at 484. Where claims have been dismissed on procedural grounds, the movant/petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

District courts may deny certificates of appealability sua sponte, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). A certificate of appealability should not issue in this case because Mendiola has not made a substantial showing of the denial of a constitutional right.

## Notice to Parties

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

Signed on this 22nd day of January, 2016.

_____
**Ignacio Torteya, III**
**United States Magistrate Judge**